**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Marvin LOVEJOY, Defendant–**
**Appellant.**

**No. 01–3677.**

United States Court of Appeals,
Sixth Circuit.

Aug. 5, 2002.

Before NELSON, BOGGS, and NORRIS, Circuit Judges.

Marvin Lovejoy, proceeding pro se, appeals a district court judgment denying his motion for a reduction of his sentence filed pursuant to 18 U.S.C. § 3582(c). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1990, Lovejoy pleaded guilty to seven bank robberies (counts 1–7) in violation of 18 U.S.C. § 2113(a) and (d), and use of a firearm during a crime of violence (count 8) in violation of 18 U.S.C. § 924(c). The district court sentenced him to 135 months of imprisonment for the bank robberies and 60 months for use of a firearm, to be served consecutively. Lovejoy filed a notice of appeal, and then voluntarily dismissed the appeal.

In December 2000, Lovejoy filed a § 3582(c) motion to modify his sentence and an addendum, arguing that: 1) the district court engaged in improper double counting by punishing him twice for the same conduct because his sentence for armed bank robbery was enhanced for brandishing a firearm even though he was also sentenced for use of a firearm in relation to a crime of violence; and 2) he was entitled to a downward departure because he committed the offenses while suffering from a compulsive gambling disorder. Upon review, the district court denied Lovejoy's first claim as without merit and denied the motion. The court did not specifically address the second claim. Lovejoy has filed a timely appeal, essentially reasserting his claims.

Upon review, we conclude that the district court did not abuse its discretion when it denied Lovejoy's § 3582 motion. *See United States v. Ursery,* 109 F.3d 1129, 1137 (6th Cir.1997). The district court did not improperly enhance Lovejoy's offense level with respect to his bank robbery convictions. *See United States v. O'Dell,* 247 F.3d 655, 674 (6th Cir.2001); *United States v. Murphy,* 241 F.3d 447, 458 (6th Cir.2001). When a defendant is convicted of a § 924(c) violation and an underlying offense, the defendant's possession of a weapon cannot be used to enhance the level of the underlying offense. *See United States v. Diaz,* 248 F.3d 1065, 1106–07 (11th Cir.2001). In this case, Lovejoy's sentence was enhanced three levels, under § 2B3.1(b)(2)(C), for brandishing a firearm only with respect to the bank robberies represented in counts 1 through 6. Lovejoy did not receive an enhancement for brandishing a firearm with respect to the bank robbery represented in count 7. Rather, count 7 served as the basis for Lovejoy's conviction for using a firearm during a crime of violence (count 8). As such, Lovejoy's sentence was in compliance with Application Note 2 to USSG § 2K2.4, Amendment 599, which provides that if a defendant is convicted of more than one armed bank robbery, but is convicted under § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the § 924(c) conviction. We also conclude that Lovejoy was not entitled to a reduction based on his alleged diminished capacity. Lovejoy argued that, pursuant to USSG § 5K2.13, he was entitled to such a reduction because he committed the offenses while suffering from a compulsive gambling disorder. However, § 5K2.13(2) expressly provides that a court may not depart downward when the offense involved actual violence or a serious threat of violence. Here, Lovejoy's offenses involved a serious threat of violence. Lovejoy does not dispute that he committed seven bank robberies while armed with a loaded weapon. He also does not dispute that the police shot him as he fled.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.