**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dortha ELKINS, Defendant–Appellant.**

No. 02–5513.

United States Court of Appeals,
Sixth Circuit.

April 29, 2003.

———

Before: CLAY and GIBBONS, Circuit Judges; and DUGGAN, District Judge.*

### *ORDER*

Dortha Elkins, proceeding with the benefit of counsel, appeals the sentence of imprisonment imposed upon her plea of guilty to conspiring to manufacture methamphetamine in violation of 21 U.S.C. §§ 846 & 841(b)(1)(C). The parties have expressly waived oral argument and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a). The facts underlying Elkins's conviction are not in dispute.

In light of two prior state court convictions for controlled substance offenses, the

---

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

probation officer preparing the presentence report recommended that Elkins's adjusted offense level be enhanced under USSG § 4B1.1 to reflect Elkins's status as a career offender. Elkins objected to the enhancement, arguing that one of the predicate prior convictions should not be relied upon for the enhancement because it did not involve the sale of a controlled substance; rather it involved the sale of a counterfeit controlled substance. The district court overruled the objection and sentenced Elkins to 151 months of imprisonment.

In her timely appeal, Elkins reasserts the argument set forth in the district court. Elkins does not challenge the fact of her prior conviction for the sale of counterfeit methamphetamine, nor does she challenge the fact that under Tennessee law it was criminal conduct to sell a substance that she represented to be methamphetamine.

This court reviews de novo a district court's application and interpretation of the sentencing guidelines; however, the district court's factual determinations will not be disturbed unless they are clearly erroneous. *United States v. O'Dell,* 247 F.3d 655, 674 (6th Cir.2001); *United States v. Murphy,* 241 F.3d 447, 458 (6th Cir.), *cert. denied,* 532 U.S. 1044, 121 S.Ct. 2013, 149 L.Ed.2d 1014 (2001).

Section 4B1.1 of the United States Sentencing Guidelines provides that a defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. The term "controlled substance offense" is defined by the Guide-

lines as an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense. USSG § 4B1.2(b).

An examination of the fact of conviction and the statutory definition of the predicate offense, *see United States v. Arnold,* 58 F.3d 1117, 1121 (6th Cir.1995) (citing *Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)), clearly reveals that Elkins committed a qualifying predicate controlled substance offense under § 4B1.1. The guidelines specifically define "controlled substance offense" to include a conviction for the sale of a counterfeit substance. Elkins cites to no legal authority to the contrary. Her argument on appeal is meritless.

Accordingly, we hereby affirm the district court's judgment.