NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0743n.06

**No. 08-2509**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| TABITHA NSHOYA MAGOTI, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before:  GILMAN and GRIFFIN, Circuit Judges; and STEEH, District Judge.[*]

GEORGE CARAM STEEH, District Judge.

Appellant Tabitha Nshoya Magoti was indicted on April 24, 2008, on one count of making or using a false writing or document, in violation of 18 U.S.C. §1001(a)(3), and one count of willfully making a materially false, fictitious or fraudulent statement to the Government, in violation of 18 U.S.C. §1001(a)(2).  The charges arose from Magoti's backdating of an I-9 Employment Eligibility Verification Form used to verify her eligibility to work in the United States and her false statements made to government officials when turning over that form.  During an August 4, 2008 final pretrial conference, the district court determined that if Magoti testified, her seven prior felony convictions for uttering and publishing forged instruments would be admissible as impeachment

---

[*]The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

evidence under Fed. R. Evid. 609(a)(2) because those offenses required proof of making false statements. Magoti did not testify on her own behalf at trial, she says, because of the judge's conclusion that her prior convictions would be admissible if she did. At the beginning of trial on August 12, 2008, the district court ruled that four fraudulent I-9 Forms of Magoti's employees that Magoti submitted to officials along with her own I-9 Form were admissible to prove Magoti's knowledge and intent in deciding whether she willfully backdated her own Form. Magoti was convicted by a jury on both counts on August 13, 2008. Magoti appeals her convictions on the grounds that: (1) there was insufficient evidence to sustain her convictions; (2) the district court abused its discretion in admitting other I-9 Forms at trial in violation of Federal Rule of Evidence 404(b); and (3) the district court abused its discretion under Federal Rule of Evidence 609 by stating that it would admit her prior convictions for uttering and publishing forged instruments at trial if she testified. For the reasons set forth below, we affirm.

## I. Sufficiency of the Evidence

We review sufficiency-of-the-evidence claims *de novo* to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Tocco*, 200 F.3d 401, 424 (6th Cir. 2000) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Magoti's argument that there was insufficient evidence that she willfully made a false statement is without merit. Special Agent George testified at trial that Magoti provided Agents with her I-9 Form dated January 1, 2002, told them it had been completed in 2002, and explained to the Agents that she did not remember if anyone had helped her complete the I-9 Form because she had

filled it out "so long ago." George also testified that Magoti later admitted she had not created her I-9 Form in 2002, but had actually created it after being subpoenaed in 2007. Viewing the Agents' testimony, Magoti's I-9 Form, and the additional I-9 Forms presented to the jury in a light most favorable to the prosecution, any rational trier of fact could have found that Magoti knowingly, willfully, and falsely represented in both her I-9 Form and in her oral statements to the Agents that her I-9 Form was completed on January 1, 2002. *See Tocco*, 200 F.3d at 424; *See United States v. Daughtry*, 48 F.3d 829, 831-32 (4th Cir. 1995), *vacated on other grounds*, 516 U.S. 984 (1995)); *See* Sixth Circuit Pattern Criminal Jury Instructions, 2005 Revised Edition, § 13.03.

Magoti's argument that backdating the Form is not a material misrepresentation, is without merit. A statement is material if it "has the natural tendency to influence or is capable of influencing a decision" of the Bureau of Immigration of Customs Enforcement. *United States v. Lutz*, 154 F.3d 581, 588 (6th Cir. 1998). Viewing the evidence presented to the jury in a light most favorable to the prosecution, a rational trier of fact could have found that Magoti's backdating of her I-9 Form and misrepresentations to Agents that she completed the I-9 Form on January 1, 2002 had a natural tendency to influence ICE's investigation. *See Tocco*, 200 F.3d at 424; *Lutz*, 154 F.3d at 588.

Magoti argues that Agent George's testimony about her oral statements was too contradictory and insufficient to sustain the conviction. Viewing the testimony in a light most favorable to the prosecution, any rational trier of fact could have believed both the testimony of Agent George and the testimony of Agent Burgess, who testified he could not recall whether Magoti told them she had filled out her I-9 Form in 2002. *See Tocco*, 200 F.3d at 424. The Agents' credibility was properly a decision for the jury. *See United States v. Wright*, 16 F.3d 1429, 1440 (6th Cir. 1994).

Magoti argues that her own I-9 Form was rendered a "legal nullity" because she verified the form as both employer and employee. She argues, without supporting authority, that her completion of the I-9 Form for herself could not support a finding of criminal liability under 18 U.S.C. § 1001. The argument is baseless. Magoti was convicted of making a false writing and a false statement to ICE Agents. The fact that Magoti was acting as both employer and employee does not nullify her duty to truthfully represent her work status.

## II. Admission of 404(b) Evidence

Magoti objects to the admission under Federal Rule of Evidence 404(b) of the four other I-9 Forms that she completed for her employees. Generally, evidence of other crimes, wrongs, or acts are not admissible to show that a person acted in conformity with those crimes, wrongs, or acts when committing a charged crime. Such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). The district court found that the four I-9 Forms were admissible under Rule 404(b) to prove Magoti's knowledge and intent with regard to whether she willfully backdated her own I-9 Form.

> In reviewing Rule 404(b) determinations, this Circuit employs
>
> a three-part test, reviewing (1) for clear error the district court's determination that the 'other act' took place; (2) de novo the district court's legal determination that the evidence was admissible for a proper purpose; and (3) for abuse of discretion the district court's determination that the probative value of the other acts evidence is not substantially outweighed by its unfairly prejudicial effect.

*United States v. Bell*, 516 F.3d 432, 440 (6th Cir. 2008). An error in the admission of other-acts evidence constitutes "harmless error" if the other record evidence of guilt is overwhelming,

eliminating any fair assurance that the conviction was substantially swayed by the error. *United States v. Murphy*, 241 F.3d 447, 453 (6th Cir. 2001).

First, the district court did not clearly err in finding that there was sufficient evidence to conclude that Magoti had completed and submitted the four I-9 Forms for her employees. Magoti's counsel points to differences between the forms and argues that Magoti may not have completed them. The one difference of significance is that Magoti's name is misspelled on one of the four I-9 Forms when it was written with two "t"s. At trial, Magoti did not advance an explanation or evidence of any other person who may have filled out the I-9 Forms. It is undisputed that Magoti submitted the I-9 Forms of her employees to the Agents. The district court could find on the whole record that a reasonable jury could conclude Magoti completed or ratified the four other I-9 Forms and submitted them for review by the Agents. *See Bell*, 516 F.3d at 441.

Second, the district court found that the four employee I-9 Forms were probative of Magoti's knowledge and intent in determining whether she willfully backdated her own I-9 Form. As an element of the False Writing and False Statement charges, the Government was required to prove beyond a reasonable doubt that Magoti "knowingly and willfully" made false statements to the ICE Agents. *United States v. White*, 492 F.3d 380, 396 (6th Cir. 2007); *United States v. Logan*, 250 F.3d 350, 359 (6th Cir. 2001). Magoti's defense was that she innocently backdated her I-9 Form and innocently represented that she had in fact completed the I-9 Form on January 1, 2002. Under Rule 404(b), evidence of other crimes, wrongs, or acts is admissible to prove "intent" and "absence of mistake." Fed. R. Evid. 404(b). The district court correctly found that the four I-9 Forms were

probative of the material issue of intent; that is, whether Magoti "knowingly and willfully," or innocently, made the false writing and false statement. *See Bell*, 516 F.3d at 441.

Third, the district court did not abuse its discretion in finding that the probative value of the four employee I-9 Forms outweighed the risk of unfair prejudice. *See Bell*, 516 F.3d at 440. Alternatively, any error was harmless considering the other overwhelming record evidence of Magoti's guilt. *See Murphy*, 241 F.3d at 453. Agents testified that Magoti admitted completing her I-9 Form in 2007 after she had previously represented that the I-9 Form was completed it in 2002. The form was admittedly backdated to January 1, 2002.

### III. Admissibility of Prior Convictions

Federal Rule of Evidence 609(a)(2) states that evidence "that any witness has been convicted of a crime shall be admitted, regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." As with any other witness, defendants in a criminal trial are subject to impeachment if they take the stand in their own defense. *United States v. Walker*, 313 F.2d 236, 238 (6th Cir. 1963). A trial court's decision whether to admit evidence of prior convictions under Federal Rule of Evidence 609 is reviewed for an abuse of discretion. *United States v. Gaitan-Acevedo*, 148 F.3d 577, 591 (6th Cir. 1998).

The district court did not abuse its discretion in concluding that Magoti's prior Michigan convictions for uttering and publishing were admissible under Rule 609. Magoti was convicted of seven violations of M.C.L. § 750.249. The statute prohibits "utter[ing] and publish[ing] as true, a false, forged, altered, or counterfeit record, deed, instrument or other writing listed in section 248

knowing it to be false, altered, forged, or counterfeit, with intent to injure of defraud." This Court has previously held that a conviction for uttering and publishing altered money orders is a crime "involving dishonesty." *United States v. Cox*, 159 F. App'x 654, 657 (6th Cir. 2005). Further, a conviction under M.C.L. § 750.249 for uttering and publishing requires proof that the person knowingly uttered and published a "false" writing representing it to be "true." Accordingly, Magoti's convictions required proof of "an act of dishonesty or false statement" as contemplated by Rule 609(a)(2). The district court did not abuse its discretion in ruling that Magoti's prior uttering and publishing convictions were admissible under Rule 609(a)(2). *See Gaitan-Acevedo*, 148 F.3d at 591.

IV.

For these reasons, we affirm the judgment of the district court.