NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0249n.06

No. 21-1316

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 21, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| v. | ) ) ) | |
| ROLONDO CLARK, | ) | |
| Defendant-Appellant. | ) ) | OPINION |
|  | ) | |

Before: BOGGS, MOORE, and GRIFFIN, Circuit Judges.

PER CURIAM. A jury convicted Rolondo Clark of possession with intent to distribute 28 grams or more of cocaine and cocaine base. On appeal, he challenges the district court's decision to admit evidence of his prior drug-dealing conviction under Federal Rule of Evidence 404(b). He also argues that the proof presented at trial is not sufficient to support his conviction. Because the overwhelming evidence of Clark's guilt forecloses both arguments, we affirm.

I.

In 2016, Clark pleaded guilty to illegal delivery of a controlled substance analogue in Michigan state court. After serving his prison time, he was released on parole. Clark soon tested positive for cocaine. Around the same time, his parole officer found a picture of "large stacks of cash" on his phone. The positive test, coupled with Clark's apparent wealth despite a lack of legitimate income, caused the officer to suspect that he might be dealing drugs again.

The parole officer decided to search Clark's two-bedroom apartment as a "compliance check" for his parole. Clark's GPS ankle monitor showed that he had spent most of his time at the apartment in the previous two days. When agents arrived at Clark's residence, which he had previously reported he shared with his mother, they searched the back bedroom first. The bed in that room had no sheets or pillows. The only other items in the back room were children's toys, clothes, and shoes, a single pair of adult shoes, and an empty "corner baggie," which is commonly used by drug dealers.

The officers next searched the front bedroom, which was where Clark indicated "all of his stuff was." That search turned up distribution quantities of cocaine and cocaine base,[1] digital scales covered in drug residue, Clark's expired driver's license, Clark's clothes in the dresser and in a bag by the bed, and several pairs of Clark's shoes. Clark's parole officer then searched his phone, finding a drug ledger that was last modified that day, and messages showing that Clark was actively selling drugs in the days preceding the search.

A federal grand jury indicted Clark on one count of possession with intent to distribute 28 grams or more of a substance containing a detectable amount of cocaine and cocaine base. Before trial, the government notified Clark and the district court that it intended to introduce evidence of his 2016 conviction under Rule 404(b). Clark objected, but the district court held that the fact of his conviction was admissible to show identity and intent. *See* Fed. R. Evid. 404(b)(2).

Clark's 2016 conviction was mentioned twice at trial. First, the government began its substantive examination of Clark's parole officer with this question: "Was the defendant previously convicted of a felony on February 26, 2016, for delivery of a controlled substance

---

[1]At trial, the government's drug expert testified that the drugs seized from Clark's apartment could create up to 1,250 "user hits" of powder cocaine and up to 368 "user hits" of crack cocaine.

analogue?" The officer responded, "Yes." Second, the government mentioned the 2016 conviction during its closing argument, while emphasizing that it could be considered only "for the limited purpose of determining whether the defendant intended to distribute these drugs." The district court gave a similar admonition to the jury while reading its jury instructions.

The jury convicted Clark, and he filed this timely appeal. Clark challenges the district court's decision to admit the fact of his prior conviction under Rule 404(b), and the sufficiency of the evidence supporting his conviction.

## II.

Under Rule 404(b), evidence of "any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "other-act" evidence may be admissible as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

There is a divide in this circuit on how to evaluate whether a district court admitted other-act evidence for one of the proper purposes outlined in Rule 404(b)(2). *United States v. LaVictor*, 848 F.3d 428, 444–45 (6th Cir. 2017). We have sometimes applied a three-tiered review framework: clear error for whether the other act occurred; de novo for whether the evidence was offered for an admissible purpose; and abuse of discretion for the determination that the probative value of the evidence is not substantially outweighed by its unfair prejudicial impact under Rule 403. *Id.* At other times, we have applied a single-tiered abuse-of-discretion standard of review. *Id.* at 445. We need not choose between these standards here though because both require affirming the district court's decision if it committed harmless error in admitting the Rule 404(b) evidence. *See id.* at 445, 448.

Clark challenges whether admission of his prior conviction was proper. We are skeptical that the government offered evidence of Clark's 2016 conviction for a proper purpose under Rule 404(b)(2). But even if we assume without deciding that the district court's admission of Clark's 2016 conviction was error, he is not entitled to a new trial unless "it is more probable than not that the error materially affected the verdict." *Id.* at 448 (quoting *United States v. Mack*, 729 F.3d 594, 603 (6th Cir. 2013)). "Admission of other acts evidence constitutes harmless error 'if the record evidence of guilt is overwhelming, eliminating any fair assurance that the conviction was substantially swayed by the error.'" *Id.* (quoting *United States v. Hardy*, 643 F.3d 143, 153 (6th Cir. 2011)). "In reaching this determination, this Court must take into account what the error meant to the jury, 'not singled out and standing alone' but in relation to all that happened." *Id.* (quoting *United States v. Murphy*, 241 F.3d 447, 453 (6th Cir. 2001)).

Here, the evidence of Clark's guilt is overwhelming, and it is improbable that the district court's error, if any, materially affected the verdict. A conviction for possession with intent to distribute requires proof beyond a reasonable doubt that the defendant "(1) knowingly, (2) possessed a controlled substance, (3) with intent to distribute it." *United States v. Russell*, 595 F.3d 633, 645 (6th Cir. 2010) (citation omitted).[2] The officers found distribution quantities of drugs and drug paraphernalia next to Clark's driver license, in the bedroom in which Clark kept his belongings, in an apartment that that he had not left for most of two days. The location of the drugs clearly establishes at least that Clark constructively possessed them. *See United States v. Hill*, 142 F.3d 305, 312 (6th Cir. 1998). And the drug amount plus the presence of scales, a drug ledger, stacks of money, and text-message conversations where Clark arranged drug sales more

---

[2] To the extent that the government had to prove that the amount of drugs was equal to or greater than 28 grams, the parties stipulated below that the officers found roughly 125 grams of cocaine and roughly 36 grams of cocaine base.

than suffice to establish an intent to distribute. *Id*. at 311–12. This overwhelming evidence of intent is particularly important because intent was the primary reason why this Rule 404(b) evidence was admitted at trial. *See United States v. Layne*, 192 F.3d 556, 573 (6th Cir. 1993) ("When the government presents other convincing or overwhelming evidence, [this Court] may deem the admission of 404(b) evidence mere harmless error.").

Taking into account what the alleged error meant to the jury, the impact of Clark's 2016 conviction pales in comparison to the evidence of his guilt. The existence of the conviction was merely confirmed by Clark's parole officer and mentioned—almost as an afterthought—in the government's closing argument. Moreover, before trial, Clark agreed that some mention of this conviction was necessary for the jury to understand the basis for a search of the apartment. Thus, the existence of a prior conviction "was properly put before the jury," which counsels against the conclusion that any error in the district court's 404(b) ruling "undermined the integrity of [Clark's] conviction." *LaVictor*, 848 F.3d at 448.

In all, the record eliminates "any fair assurance that the conviction was substantially swayed by the [alleged] error." *Id*. Accordingly, even if there was error in the district court's Rule 404(b) ruling, such error was harmless.

### III.

Clark also challenges the sufficiency of the evidence underlying his conviction. Our harmless-error discussion decides this issue. As explained above, the evidence of Clark's guilt was overwhelming. "[A]fter viewing the evidence in the light most favorable to the prosecution," we must affirm if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Accordingly, we reject Clark's sufficiency-of-the-evidence challenge.

IV.

For these reasons, we affirm the judgment of the district court.