**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Tommy Gene CLARK,
Defendant-Appellant.**

**No. 86–2189
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 23, 1986.

---

**29.** *United States v. Thompson,* 720 F.2d 385, 386 (5th Cir.1983) (per curiam); *United States v.* *Passmore,* 671 F.2d 915, 917 (5th Cir.1982).

Charles D. Carver, (court-appointed), Ronald Plessala, Port Arthur, Tex., for defendant-appellant.

Paul E. Naman, Asst. U.S. Atty., Bob Wortham, U.S. Atty., Beaumont, Tex., for plaintiff-appellee.

Before POLITZ, WILLIAMS and JONES, Circuit Judges.

POLITZ, Circuit Judge:

Tommy Gene Clark was indicted on kidnapping charges, 18 U.S.C. § 1201, on July 25, 1985. The trial began on January 6, 1986. At that time, Clark entered a plea of guilty, reserving his right to urge on appeal the protection of the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*

There was a lapse of 165 days between the indictment and commencement of trial. The Speedy Trial Act requires trial within 70 days, not counting the excludable delays countenanced by the statute, 18 U.S.C. § 3161(h). The issue presented on this appeal is straightforward: Do the excludable delays reduce the countable days between indictment and trial to less than 70? We find that they do, and affirm.

On August 16, 1985, Clark moved under 18 U.S.C. § 4241 for a judicial determination of his competency to stand trial. On August 22, 1985 the district court ordered that Clark be taken to the Medical Center for Federal Prisoners, Springfield, Missouri, for a competency evaluation. On October 16, 1985 a member of the psychiatric staff at the Medical Center notified the court that the psychiatric evaluation was complete. On October 23, 1985 Clark was returned to Texas. The Speedy Trial Act specifically excludes "delay resulting from any proceeding, including any examination, to determine the mental competency ... of the defendant." 18 U.S.C. § 3161(h)(1)(A). Thus the 61–day period from August 16 to October 16, was excludable.

The statute also excludes certain periods of time for ruling on motions, once all necessary documents are before the court. As the Supreme Court noted recently in *Henderson v. United States*, 476 U.S. ——, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986), the effect of pretrial motions on the time limits of the Speedy Trial Act is governed by 18 U.S.C. § 3161(h)(1)(F). That section on its face dictates the time exclusion applicable to motions requiring a hearing. While the section also speaks generally to motions which do not require a hearing, the Supreme Court in *Henderson* stated that the particular rule governing motions which do not require a hearing is § 3161(h)(1)(J). 476 U.S. at ——, 106 S.Ct. at 1876, 90 L.Ed.2d at 308. While a motion for a judicial determination of competency may involve a hearing, one is not always required.[1] In the case at bar no hearing was held, and no ruling was made on the motion other than the ruling implicit in the court's proceeding to trial on the case.

Section 3161(h)(1)(J) excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." Applying this provision to the factual scenario in Clark's case results in the exclusion of at least 30 days after October 16.[2]

After deducting the 91 days attributable to the competency motion, the indictment-to-trial interval is reduced to 74 days.

---

1. 18 U.S.C. § 4241 provides in pertinent part: "The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect...."

2. We assume without deciding that the competency issue was under advisement by the court from and after October 16, 1985, the date on which the court was advised of the completion of appellant's competency testing. The parties have not informed us, nor does the record reflect whether the court had at that date received

Examination of the record reflects other filings which occasion excludable delays, including a motion to dismiss the indictment filed by Clark's counsel on December 18, 1985, and a *pro se* motion by Clark on that day entitled "Motion to Revoke Pre-Trial Detention Order."[3] The trial began on January 6, 1986, 19 days later. Without deciding whether all 19 days should be excluded, in the setting presented it cannot be gainsaid that at least four days should. With that allowance, it is apparent that the trial began within 70 countable days after the indictment.

The judgment of the district court denying the requested dismissal under the Speedy Trial Act is AFFIRMED.

all of the documents needed to determine competency. *Henderson v. United States*, —— U.S. ——, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986). If more time had been required for receipt of additional filings, or if the court had found a hearing necessary, that additional time also would have been excludable.

3. Although handwritten, this motion was artfully drawn and consisted of a three-page motion, a three-page memorandum of authorities, including pertinent statutory citations, and a proposed order for the court. We therefore do not here decide what effect, if any, is to be given under the Speedy Trial Act to meaningless *pro se* filings sometimes made in criminal cases.