924 F.2d 1053
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bedo I. KAROLY, Defendant-Appellant.
 No. 90-5797.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 21, 1990.
Decided Jan. 30, 1991.
As Amended Feb. 26, 1991.
Rehearing Denied Feb. 25, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CR-90-123-A)
 Bedo I. Karoly, appellant pro se.
 Richard William Westling, Office of the United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before K.K. HALL, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bedo I. Karoly appeals his convictions for simple assault in violation of 18 U.S.C. Sec. 113(e) and resisting arrest in violation of 36 C.F.R. Sec. 2.32(a)(1).[1] He claims the charges should have been dismissed because of a violation of the Speedy Trial Act, 18 U.S.C. Secs. 3161-3174, and that he should have been acquitted because there was insufficient evidence to convict.
 
 
 2
 On March 9, 1990, United States Park Police Officer Burchell responded to a radio report of a disturbance at the Iwo Jima Park, which is in the maritime and territorial jurisdiction of the United States. The report stated that a man was threatening people with a broken bottle and chasing them through the park. When Burchell arrived at the park, he saw a man sitting down who matched the description in the radio transmission. The defense stipulated that Karoly was this man.
 
 
 3
 Burchell approached Karoly and asked him to produce identification because he was the subject of an investigation. Karoly said that he did not have to produce identification because he was a Supreme Court attorney and then stated that he was going to leave. Burchell told him he could not leave. At this point, Karoly ripped the badge off Burchell's shirt and struck him in the shoulder with an open-handed punch. Burchell then tried to grab Karoly's wrist to handcuff him, but Karoly resisted and some shoving and fighting took place. Karoly was subdued with the help of two other park policemen.
 
 
 4
 Karoly filed a motion to dismiss the criminal information because it was presented in open court thirty-four days after he was arrested. He claimed that this delay in charging was a violation of 18 U.S.C. Sec. 3161(b), which requires that the information or indictment charging an offense be filed within thirty days after an individual is arrested or served with a summons. The parties had filed a joint motion for a psychiatric exam, which was ordered on March 16, 1990. The exam took place on March 19, and the psychiatric report was filed on March 21. The government contended that the 5-day period between March 16 and 21 should be excluded pursuant to 18 U.S.C. Sec. 3161(h)(1)(A), which excludes delays resulting from examinations to determine the mental competency of the defendant. Karoly contended that, if anything, the excluded delay should only be from March 16 to March 19, the date the exam was performed. By this calculation, a Speedy Trial Act violation would still have occurred. However, the time contemplated by a proceeding to determine the mental capacity of the defendant encompasses the time it takes the examiner to evaluate and report on his findings. See 18 U.S.C. Sec. 3161(h)(1)(A); United States v. Stone, 813 F.2d 1536, 1539 (9th Cir.) (delay resulting from preparation and distribution of psychiatric reports is properly excludable), cert. denied, 484 U.S. 839 (1987); United States v. Clark, 807 F.2d 412 (5th Cir.1986) (excluded delay ran to time when psychiatric staff member informed court that evaluation was complete), cert. denied, 480 U.S. 950 (1987).[2]
 
 
 5
 Karoly's second contention on appeal is that he was justified in resisting arrest because Officer Burchell could not reasonably stop him for questioning since whatever criminal conduct that occurred had happened in the past. Because Karoly matched the description of one who had very recently been seen chasing people with a broken bottle, Burchell's questioning of him was clearly reasonable. See United States v. Mendenhall, 446 U.S. 544 (1980); Terry v. Ohio, 392 U.S. 1 (1968).
 
 
 6
 Karoly claims that Burchell testified falsely in several instances. This claim is unavailing because credibility determinations are not reviewable on appeal. Pigford v. United States, 518 F.2d 831 (4th Cir.1975).
 
 
 7
 Finally, the standard for reviewing challenges to the sufficiency of the evidence is whether any rational trier of fact could find the essential elements of a crime beyond a reasonable doubt after viewing the evidence in the light most favorable to the prosecution. Jackson v. Virginia, 443 U.S. 307 (1979). Officer Burchell's testimony clearly described violations of the two charges on which Karoly was convicted.
 
 
 8
 Because Karoly is proceeding on appeal pro se, we have reviewed the entire record for error and have found none. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Although his trial attorney was appointed to represent him on appeal, Karoly has chosen to proceed pro se
 
 
 [2]
 The district court denied Karoly's motion because it found that these offenses could be charged through "tickets" rather than information, and that these tickets were given to Karoly in a timely manner. However, as Karoly mentioned during this hearing, one of the charges for which he was convicted was charged for the first time in the criminal information filed on the day of trial