**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Andre FULLER, Defendant–Appellant.**

**No. 95–3710.**

United States Court of Appeals,
Seventh Circuit.

Argued April 24, 1996.

Decided June 12, 1996.

Lawrence Beaumont (argued), Office of U.S. Atty., Urbana Div., Urbana, IL, for U.S.

Andrea L. Smith (argued), Office of Federal Public Defender, East St. Louis, IL, for Andre Fuller.

Before POSNER, Chief Judge, and COFFEY and RIPPLE, Circuit Judges.

POSNER, Chief Judge.

■ The only issue presented by this appeal is whether the defendant's conviction should be set aside and the indictment dismissed because more than seventy days of nonexcludable time elapsed between his first appearance in court and the beginning of his trial. Speedy Trial Act, 18 U.S.C. § 3161. The district judge excluded a period of almost two months during which the defendant was in hospital for a psychiatric evaluation of his fitness to stand trial. If the exclusion was valid, there was no violation of the Act. It concededly was valid if the time limit found elsewhere in the federal criminal code on pretrial commitments for psychiatric evaluation does *not* limit exclusions of time under the Speedy Trial Act. For the Act expressly permits the exclusion of "any period of delay resulting from ... any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant," 18 U.S.C. § 3161(h)(1)(A), and no time limit is specified. *United States v. Miranda,* 986 F.2d 1283, 1284–85 (9th Cir.1993), holds, though without extended discussion, that the time limits which the criminal code places on commitments for psychiatric evaluations do not limit exclusions of time under the Speedy Trial Act. The court did not cite *United States v. Huguenin,* 950 F.2d 23, 27 n. 4 (1st Cir.1991) (per curiam), which had held the contrary with even less discussion, or its own decision in *United States v. Fontanilla,* 849 F.2d 1257, 1258 (9th Cir.1988) (per curiam), which had assumed the contrary, though with no discussion. Two other opinions, one our own, assume that the limits do not apply, but they too contain no discussion of the issue. *United States v. Scott,* 784 F.2d 787, 789–90

(7th Cir.1986) (per curiam); *United States v. Clark,* 807 F.2d 412 (5th Cir.1986). It is thus a question of first impression in our court.

Section 4247(b) of the criminal code, when read in conjunction with section 4241, fixes a 30-day limit on pretrial commitments for determinations of competency to stand trial, which the district court can extend for no more than 15 days. An extension was sought here but (apparently through inadvertence) never acted upon by the district judge, and anyway the commitment lasted more than 45 days, the statutory maximum. The "violation" was purely technical, however—if violation it was, which probably it was not. For it appears that the reason that the defendant remained in the hospital for more than 30 days was that he was complaining of physical illness and did not want to leave the hospital; the mental examination itself was completed within the first 30 days. But if this is wrong, and the statute was violated, we would be foolish to assume that Congress would have wanted the violation to carry consequences under the Speedy Trial Act. Meticulous as the Act is in setting limits, it sets no limit on pretrial commitments to determine competency. At the same time, no sanction for a violation of the time limits in 18 U.S.C. § 4247(b) is specified.

To put the two statutes together, borrowing the 30 and 45 day limits from the commitment statute for interpolation into the limitless delay provision of the Speedy Trial Act, would be an audacious bit of judicial creativity—and to no purpose that we can see. The victim of a violation of the deadlines in the commitment statute has plenty of protection. Although the commitment order itself could be appealed, as in *United States v. DeBellis,* 649 F.2d 1 (1st Cir.1981), that would not help our defendant, because the order was valid; his complaint is about the execution of it. Habeas corpus, however, the traditional remedy for illegal detention in a mental institution, *Lynch v. Overholser,* 369 U.S. 705, 82 S.Ct. 1063, 8 L.Ed.2d 211 (1962); *Parrish v. Colorado,* 78 F.3d 1473 (10th Cir. 1996); *O'Beirne v. Overholser,* 287 F.2d 133 (D.C.Cir.1960); 17A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4261, p. 275 n.

20 (1988), would be available to him. Cf. 18 U.S.C. § 4247(g). And if the violation of the commitment statute made it more difficult for him to defend himself at trial, he could seek to have his conviction overturned on the ground that the violation constituted a prejudicial error. *United States v. Huguenin,* supra, 950 F.2d at 28. The defendant in this case made no effort to obtain habeas corpus and has made no effort to show that his defense was impaired by the violation of the commitment statute. As there are adequate remedies for such violations, we need not strain to interpret the Speedy Trial Act as creating an additional remedy.

Another reason not to pour the 30–day limit of the competency statute into the Speedy Trial Act is that the overlap between the provisions is not so complete as we have thus far assumed. The competency statute is limited to mental competence, but the corresponding provision in the Speedy Trial Act refers to examinations "to determine the mental competency *or physical capacity* of the defendant" (emphasis added). In this case it was the defendant's physical complaints that extended the period of commitment for the mental examination beyond the statutory limit.

 The defendant objects strenuously to the fact that the judge did not conduct an evidentiary hearing to determine the amount of excludable time. The objection is moot in light of our statutory analysis, but we shall note its utter groundlessness here in the hope of not being plagued by such arguments in the future. In the absence of any claim— and there was none—that there were genuine issues of material fact, the judge had no duty to conduct an evidentiary hearing. Even if there had been such a *claim,* he would have had no duty to conduct an evidentiary hearing if, by analogy to summary judgment, he could determine on the basis of affidavits, depositions, or other documentary materials of evidentiary quality that there was no genuinely contestable issue of fact. Although a judge cannot grant the equivalent of summary judgment in favor of the prosecution in a criminal trial, the procedure for determining issues separate from the issue of guilt or innocence, whether the lawfulness of

a search, the competence of counsel, or, as in this case, compliance with the Speedy Trial Act, is similar to the procedure used in civil cases, e.g., *United States v. DiDomenico,* 78 F.3d 294, 300–01 (7th Cir.1996); *United States v. Sophie,* 900 F.2d 1064, 1071–72 (7th Cir.1990); *United States v. Staula,* 80 F.3d 596, 603 (1st Cir.1996); *United States v. Lilly,* 983 F.2d 300, 310 (1st Cir.1992), where the guiding principle is that there is no right to an evidentiary hearing if documentary submissions of evidentiary quality demonstrate the absence of a genuine issue of material fact.

AFFIRMED.