116 F.3d 1483
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dara K. NANCE, Defendant-Appellant.
 No. 96-2277.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 23, 1997*
Decided June 24, 1997.
 
 Appeal from the United States District Court for the Western District of Wisconsin, No. 95-CR-53-C; Barbara B. Crabb, Judge.
 Before COFFEY, FLAUM, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Dara K. Nance was convicted on one count of possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and was sentenced to fifteen months in prison and three years of supervised release. Her counsel filed a motion to withdraw and a no-merit brief, arguing that any appeal would be frivolous. See Anders v. California, 386 U.S. 738 (1967). Upon discerning a nonfrivolous issue, we granted the motion to withdraw, appointed new counsel, and ordered briefing of the appeal. We requested counsel to address whether the indictment should have been dismissed pursuant to 18 U.S.C. § 3162(a)(2), a provision of the Speedy Trial Act. Nance's current counsel has briefed this issue, arguing that nearly one-hundred days should have been excluded under the Act. We affirm.
 
 
 2
 Nance was indicted on June 28, 1995, arrested in California, and arraigned before Magistrate Judge Steven Crocker in the Western District of Wisconsin on August 23. Following arraignment, Nance returned to California, where she was arrested for violations of her conditions of release. In an order dated September 29, Magistrate Judge Crocker noted that Nance was in custody in California and that transportation would delay her appearance in the district court for at least a week.
 
 
 3
 On October 5, Magistrate Judge F. Steele Langford in the Northern District of California ordered that Nance be transported to the Federal Medical Center in Rochester, Minnesota, to undergo a competency examination pursuant to 18 U.S.C. § 4241(b). For reasons not apparent from the record, Nance was instead transported to the Federal Medical Center in Carswell, Texas. Magistrate Judge Crocker held two status conferences on October 11 and 13; after the latter conference, he ordered that Nance be returned as quickly as possible to the Western District of Wisconsin, and authorized the Center to continue its competency examination until Nance's departure. On November 14, the magistrate judge received the results of the competency examination conducted at the Center. After various proceedings over the following few days, the magistrate judge ordered the Marshals Service to return Nance to the Western District of Wisconsin for an appearance on December 1.
 
 
 4
 After the December 1 hearing, at which Nance appeared, the magistrate judge entered an order that revoked Nance's pre-trial release and granted leave for her attorney to withdraw for medical reasons pending appointment of a new attorney. The order further stated:
 
 
 5
 This court will also hold a competency hearing pursuant to 18 U.S.C. § 4241. Nance has requested the opportunity to obtain a psychological examination and report from Dr. Rick Beebe. Nance, through counsel, is to advise the court when she is prepared to go forward, at which time the court will schedule the hearing.
 
 
 6
 On December 29, the magistrate judge noted that Nance had complained to the court that she had no attorney; the magistrate judge therefore ordered counsel (appointed December 11) to contact Nance if he had not already done so. Apparently, counsel did contact Nance, for he filed a motion on Nance's behalf on January 8. That motion and a subsequent motion were eventually denied. Meanwhile, the district court received Dr. Beebe's report on January 19. In light of that report and a hearing on the issue, the magistrate judge entered an order on January 26 that found Nance competent to stand trial.
 
 
 7
 After various other motions and proceedings, Nance pleaded guilty before the district judge on March 15. As we noted in deciding the Anders motion, Nance's plea agreement includes a provision that "[t]he defendant reserves the right to appeal from any adverse ruling on her speedy trial motion." Nance submitted such a motion, which was denied by the district judge. In this court, Nance again argues that non-excludable pre-trial delays warranted dismissal of the indictment.
 
 
 8
 Under the Speedy Trial Act, as applied to Nance's case, there must not be more than seventy non-excludable days[1] from August 23, 1995, "the date the defendant has appeared before a judicial officer of the court in which [the charges are] pending," 18 U.S.C. § 3161(c)(1), to March 15, 1996, the date on which she changed her plea to guilty. The parties agree that the periods of February 9-13 and March 6-14, 1996--fourteen days in all--were not excludable under the Speedy Trial Act. Several other periods, though, are the subject of debate. These periods total eighty-four days, which encompass periods of thirty-two and thirty-seven days, as well as three periods totaling fifteen days. If either of the two longest periods--October 14 to November 14, 1995, and December 2, 1995 to January 7, 1996--was appropriately excluded under the Speedy Trial Act, then Nance would be left with fewer than fifty-six days to add to the fourteen days upon which the parties agree. Thus her appeal would fil, for she could not show more than seventy non-excludable days.
 
 
 9
 The district court concluded, without discussion, that none of the time from early December until early March was excludable under the Speedy Trial Act. The parties focus on the period from December 2, the day after the magistrate judge filed his order concerning the competency issue and the appointment of counsel, until January 7, the day before counsel filed a motion on Nance's behalf. They debate whether this period was excludable as 'delay resulting from any proceeding, including any examinations, to determine the mental competency ... of the defendant." 18 U.S.C. § 3161(h)(1)(A). Nance contends that she merely "requested the opportunity" for a competency examination, and no competency hearing was to be scheduled until Nance's new attorney informed the court that he was ready to proceed. However, it is clear that the magistrate judge granted Nance's "request' (or more precisely, her motion, in the language of 18 U.S.C. § 4241(a)) on December 1 for a competency examination and a subsequent competency hearing. The entire period from December 1 (the commencement of competency proceedings) to January 26 (the conclusion of those proceedings) was thus a period of excludable delay as defined by § 3161(h)(1)(A).
 
 
 10
 Nance next contends that only the two days on which the competency examination was actually held (January 6 and 8) could properly be excluded. She implies that the remainder of the delay was unreasonable because she was being confined during that period in a county jail rather than a federal medical center. "Unless impracticable," a competency examination should be conducted in a "suitable facility," defined as "a facility that is suitable to provide care or treatment given the nature of the offense and the characteristics of the defendant." 18 U.S.C. § 4247(a), (b). However, regardless whether a county jail might be a "suitable facility," the record does not indicate that Nance objected to the choice of facility or contended that the examination was improper. Accordingly, Nance has forfeited any contention that the competency proceedings were defective due to the place of examination.
 
 
 11
 Nance's remaining assertion is that it took too long to complete the competency determination. Case authority does not support the position that the delay was excessive and thus excludable. It took fifty days (December 1 to January 19) for Dr. Beebe to conduct his examination and file his report, and then another week before the magistrate judge decided that Nance was competent to stand trial. Several courts (including our own) have concluded that periods of similar or greater length attributable to competency determinations were excludable under § 3161(h)(1)(A). See United States v. Fuller, 86 F.3d 105, 106 (7th Cir.1996) (nearly two months);[2] United States v. Scott, 784 F.2d 787, 789-90 (7th Cir.) (per curiam) (seven months involving extensive testing by two psychiatrists), cert. denied, 476 U.S. 1145 (1986); United States v. Miranda, 986 F.2d 1283, 1284-85 (9th Cir.1992) (one hundred and six days), cert. denied, 508 U.S. 929 (1993); United States v. Clark, 807 F.2d 412, 413 (5th Cir.1986) (sixty-one days), cert. denied, 480 U.S. 950 (1987). Although Nance waited more than a month for her competency examination, several days thereafter for the psychologist to prepare and file his report, and several more days for the district court to hold a hearing on the report, the cases cited above suggest that such delays are not unusual or inordinate.
 
 
 12
 In light of our determination that the period from December 2 to January 7 was excludable under § 3161(h)(1)(A), we need not consider the excludability of the other periods cited by Nance. Because Nance has not shown a violation of the Speedy Trial Act, the judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 The provisions for exclusion of time are found in 18 U.S.C. § 3161(h)
 
 
 [2]
 In Fuller, we explained that the time limits set by § 4247(b) for pretrial commitments to determine competency (thirty days plus a possible extension of fifteen days) do not apply to exclusions of time under § 3161(h)(1)(A). Id. at 106-07