**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 23 2003**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

CHARLES TAYLOR,

      Defendant - Appellant.

No. 03-3036

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 01-CV-10136-MLB)**

---

Steven K. Gradert, Assistant Federal Public Defender (David J. Phillips, Federal Public Defender with him on the briefs), Wichita, Kansas, for Defendant - Appellant.

Nancy M. Caplinger, Assistant United States Attorney (Eric F. Melgren, United States Attorney; Brent I. Anderson, Assistant United States Attorney, Wichita, Kansas with her on the brief), Topeka, Kansas, for Plaintiff - Appellee.

---

Before **LUCERO**, **PORFILIO** and **TYMKOVICH**, Circuit Judges.

---

**PORFILIO**, Senior Circuit Judge.

---

The sole question for our review, whether a period of delay for a determination of

mental competency is nonexcludable under the Speedy Trial Act's 70-day clock, is one of

first impression in this Circuit. Its resolution, nonetheless, is facilitated by decisions in several of our Sister Circuits, which we now join. We, therefore, affirm the district court's denial of the motion to dismiss Charles Taylor's indictment on the ground the Speedy Trial Act, 18 U.S.C. § 3161 (the Act), does not provide a remedy for a violation of 18 U.S.C. § 4247(b)'s time limitations for a mental competency examination.

Section 3161 of the Act requires a criminal defendant's trial to begin within 70 days of the filing of the indictment or "from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Multiple exceptions to the 70-day limit are enumerated, including § 3161(h)(1)(A), which excludes "*any period of delay* resulting from other proceedings concerning the defendant, including but not limited to . . . delay resulting from any proceeding, including any examinations, to determine the *mental competency* or physical capacity of the defendant." 18 U.S.C. § 3161(h)(1)(A) (emphasis added). Expressly absent from this exclusion is a time limit. If defendant is held more than 70 days after calculating all of the possible time exclusions, § 3162(a)(1) requires the case be dismissed, with or without prejudice.

Section 4247(b) of Title 18 of the Criminal Code contains time limitations for a mental examination but no express remedy for exceeding those limitations. It provides, in part,

> A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist . . . .

For the purposes of an examination pursuant to an order under section 4241, 4244, or 4245, the court may commit the person to be examined for a reasonable period, *but not to exceed thirty days,* and under section 4242, 4243, or 4246, for a reasonable period, but *not to exceed forty-five days*, to the custody of the Attorney General for placement in a suitable facility . . . . The director of the facility may apply for a reasonable extension, but *not to exceed fifteen days* under section 4241, 4244, or 4245, and *not to exceed thirty days* under section 4242, 4243, or 4246, upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.

(emphasis added). To embrace Mr. Taylor's position, we must conclude Congress intended § 4247(b)'s time limitations modify § 3161(h)(1)(A)'s "any period of delay . . . resulting from . . . any examinations," thus triggering the Act's remedy for a violation.

Broadly guided by *Henderson v. United States,* 476 U.S. 321, 327 (1986) (the phrase "or other prompt disposition" in § 3161(h)(1)(F) does not imply that only "reasonably necessary" delays may be excluded between the filing and conclusion of the hearing on a pretrial motion), several Circuits have rejected propositions like that advanced by Mr. Taylor. *United States v. Murphy*, 241 F.3d 447, 456 (6th Cir. 2000) ("§ 4247(b) does not limit the time excludable under the Speedy Trial Act for mental competency examinations"); *United States v. Fuller*, 86 F.3d 105, 106 (7th Cir. 1996) ("we would be foolish to assume that Congress would have wanted the violation to carry consequences under the Speedy Trial Act"); *United States v. Miranda*, 986 F.2d 1283, 1285 (9th Cir. 1992) ("Congress gave no indication that 18 U.S.C. § 4247(b) modifies section 3161(h)(1)(A). Moreover, there is no compelling reason that the two statutes be linked."); *United States v. Noone*, 913 F.2d 20, 25 (1st Cir. 1990) (filing of a motion to determine competency activates the automatic

exclusion under § 3161(h)(1)(F)); ***United States v. Vasquez***, 918 F.2d 329, 333 (2d Cir. 1990) (ten-month delay is excluded from the calculation of the speedy trial clock whether or not it is reasonable). Following this collective reasoning, we, too, decline "to find a limitation where Congress did not expressly create one." ***Miranda***, 986 F.2d at 1285.

Preserving only this issue here, Mr. Taylor, who entered a conditional plea to bank robbery, acknowledges he has uncovered no authority to countermand the conclusion the Act does not provide a remedy for a violation of § 4247(b). Moreover, he concedes the record is bare of facts to support an argument the delays in transporting and evaluating him were unreasonable. <u>Indeed, the record gives no reason for the cause of the delay; therefore, any implication it was occasioned by the negligence of the institution or a dereliction of its duty is gratuitous.</u> Finally, while acknowledging habeas corpus remains available to remedy the alleged § 4247(b) violation, Mr. Taylor eschews that avenue presently as inappropriate. Thus, despite his persistence in attempting "to pour" the criminal code's limitations into the Act, ***Fuller***, 86 F.3d at 107, to vindicate the 72 days he was held for psychological evaluation, we cannot rectify Congress' otherwise expressly drafted contrary intent.

**AFFIRMED**.

No. 03-3036, <u>United States of America v. Taylor</u>

**LUCERO,** Circuit Judge, with whom **TYMKOVICH**, Circuit Judge, joins, concurring.


I join the majority opinion. I write separately only to make one observation: both parties tell us that the custodial facility in this case did not comply with the requirements of § 4247(b). Time limitations and provisions for extensions of time have been set forth clearly by Congress. Custodial institutions should read the statute and comply with its provisions.