**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 21 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

CARY J. GAGAN,

        Defendant-Appellant.

No. 03-1254

(D. Colorado)

(D.C. No. 02-CR-193-MK)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to decide this case on the briefs without oral argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Cary J. Gagan was indicted by a grand jury on three counts of making false statements in violation of 18 U.S.C. § 1001 and three counts of making threatening communications in violation of 18 U.S.C. § 876. The district court

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

ordered Mr. Gagan to be committed for a competency evaluation. Subsequently, Mr. Gagan submitted pro se filings to this court challenging on various grounds the district court proceedings regarding the commitment order and the competency evaluation. These documents were construed as a misdirected timely pro se notice of appeal of the commitment order and were forwarded to the district court for docketing. Rec. doc. 91; *see* Fed. R. App. P. 4(d). Mr. Gagan's attorney filed a brief in this court pursuant to *Anders v. California*, 386 U.S. 738 (1967), and sought leave to withdraw. We conclude that we must DISMISS several of Mr. Gagan's claims because we lack jurisdiction. Mr. Gagan's remaining claims regarding the commitment order lack merit; therefore, we AFFIRM the district court's commitment order and GRANT his counsel's motion to withdraw.

## I. BACKGROUND

On April 21, 2003, counsel for Mr. Gagan filed a motion for a hearing to determine the competency of his client pursuant to 18 U.S.C. § 4241(a). At the time, Mr. Gagan was incarcerated in Colorado on a 26-year state sentence. On May 5, 2003, the district court granted the motion, ordered a psychiatric examination, and set a date for a competency hearing.

On May 22, 2003, the district court conducted a conference call hearing

with the attorneys for the government and Mr. Gagan. Mr. Gagan was not present at this conference call hearing, and his appearance was not waived. *See* Rec. doc. 86. At this hearing, the district court vacated its order for a psychiatric examination and committed Mr. Gagan to the Bureau of Prisons for a competency evaluation pursuant to 18 U.S.C. §§ 4241(b) and 4247(b). Rec. doc. 87.

Although the district court ordered Mr. Gagan to be transferred to the Federal Medical Center in Butner, North Carolina, Rec. doc. 86, the record indicates that he was actually evaluated at the Federal Medical Center in Devens, Massachusetts. *See*, *e.g.*, Rec. doc. 96, at 6. The warden there requested and received two thirty-day extensions from the district court to complete Mr. Gagan's evaluation.

## II. DISCUSSION

Mr. Gagan's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and has moved for leave to withdraw as counsel. Pursuant to *Anders*, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id*. at 744.

Mr. Gagan has submitted pro se filings claiming that (1) his indictment

was forged, causing the district court and this court to be without jurisdiction over his case; (2) the district court engaged in judicial misconduct by ignoring irregularities in his indictment; (3) the record was devoid of evidence of his incompetence; (4) his rights were violated because he was not present at the May 22, 2003, conference call; (5) his rights were violated because he was transferred to an institution 2000 miles from Colorado for the psychiatric evaluation; (6) he was denied his right to proceed pro se; (7) his counsel has engaged in "deliberate ineffectiveness [by] acting as an advocate of the government," Aplt's Obj. to Counsel's *Anders* Br., at 7 n.4; (8) his rights were violated by the duration of his commitment, which exceeded the time limits set forth in § 4247(b); and (9) "upon the filing of the notice of appeal on May 30, 2003, the district court was divested of jurisdiction over this criminal case until the court of appeals reached the merits of the appeal." Aplt's Letter, filed Jan. 28, 2004, at 3.

After a review of the record and the applicable law, we conclude that we lack jurisdiction over claims (1), (2), (7), and (9), therefore dismiss them. Because the remaining claims lack merit, we affirm the district court's commitment order and grant counsel's *Anders* motion.

## A. Appellate Jurisdiction

We must first determine whether we have jurisdiction over this appeal. In order to do so, we consider the statutes at issue.

4

Mr. Gagan has challenged the district court's commitment order, entered pursuant to 18 U.S.C. §§ 4241 and 4247.  Section 4241 provides that "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the attorney for the defendant may file a motion for a hearing to determine the mental competency of the defendant."  18 U.S.C. § 4241(a).  The court should grant the motion "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  *Id*.  The court may also order that a psychiatric or psychological examination of the defendant be conducted prior to the hearing.  18 U.S.C. § 4241(b).  Under § 4247, the court may commit the defendant to the custody of the Attorney General for placement in a suitable facility where the psychiatric or psychological examination may be conducted.

"[A] commitment order issued for the purpose of obtaining an evaluation of the defendant's competency to stand trial as described in 18 U.S.C. § 4241(b) may be immediately appealed."  *United States v. Deters*, 143 F.3d 577, 581 (10th Cir. 1998).  Moreover, "[a]lthough [Mr. Gagan's] initial commitment period has expired, this case is not moot."  *Id.*  at 579 n.2.  Under 18 U.S.C. § 4247(b), "[a] commitment order . . . [may] last[] a maximum of forty-five days, with a possible

5

thirty-day extension upon a showing of good cause for the extension. Such an order will rarely if ever outlive the appellate process. This case, therefore, is 'capable of repetition, yet evading review and hence is justiciable.'" *Id.* (quoting *United States v. Boigegrain*, 122 F.3d 1345, 1347 n.1 (10th Cir. 1997) (en banc) (per curiam)). Accordingly, as further explained below, we conclude that we have jurisdiction over the issues raised by Mr. Gagan that concern the district court's commitment order. However, the other issues raised by Mr. Gagan are not properly before us, and we dismiss them.

**B. Indictment Forgery and Judicial Misconduct**

Mr. Gagan's first and second claims are not properly before this Court. As to his claim that his indictment was forged, Mr. Gagan's case is still pending in the district court, and we will not address matters that the district court has not yet ruled upon. *See*, *e.g*, *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) ("[A] party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated.") (quotation marks omitted). We also do not reach Mr. Gagan's claims of judicial misconduct. Such claims are handled by the chief judge of the circuit. 28 U.S.C. § 351(c).

## C. Evidence of Incompetence

As for Mr. Gagan's claim that the record was devoid of evidence of his incompetence, we disagree. "Whether to order a competency examination is reviewed for an abuse of discretion. . . . Absent findings of an insufficient factual basis for a § 4241(a) motion, or a lack of good faith in making the motion, a competency evaluation is required." *United States v. Ramirez*, 304 F.3d 1033, 1035 (10th Cir. 2002). Upon a review of the record, we agree with the district court that there was a sufficient factual basis for the motion and that there is no indication that Mr. Gagan's counsel made the motion in bad faith. Thus, the district court did not abuse its discretion in ordering a psychological evaluation to determine Mr. Gagan's competency.

## D. Mr. Gagan's Absence from Conference Call

Next, Mr. Gagan claims that his rights were violated because he was not present at the May 22, 2003, conference call between his attorney, the district court judge, and the prosecutor. At that hearing, the judge decided to change the location and scheduling of the competency examination.

Federal Rule of Criminal Procedure 43 requires a defendant to be present at certain stages of the proceedings but not at others:

> (b) When Not Required. A defendant need not be present under any of the following circumstances:
> > (1) Organizational Defendant. The defendant is an organization represented by counsel who is present.

7

(2) *Misdemeanor Offense.* The offense is punishable by fine or by imprisonment for not more than one year, or both, and with the defendant's written consent, the court permits arraignment, plea, trial, and sentencing to occur in the defendant's absence.
(3) *Conference or Hearing on a Legal Question. The proceeding involves only a conference or hearing on a question of law.*
(4) *Sentence Correction.* The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c).

Fed. R. Crim. P. 43(b) (emphasis added).

Although Rule 43 does not specifically address the circumstances here, the May 22, 2003, conference call bears more resemblance to a conference or hearing on a legal question, at which the defendant's presence is not required, than to any of the proceedings at which a defendant's presence is required. *See id*. at 43(a). Prior to the conference call, the district court had already conducted a hearing and ordered the psychological evaluation, and Mr. Gagan has made no claim that he was not present at that proceeding. The purpose of the conference call was merely to address the location and scheduling of the evaluation. Additionally, Mr. Gagan's counsel was present for the conference call, and he specifically raised Mr. Gagan's objections to the competency evaluation in general as well as his objections to being evaluated at a different location. Tr. of Hr'g on Competency Examination, at 13-14. Therefore, we conclude that Mr. Gagan's rights were not violated by his absence from the conference call.

**E. Location of Psychological Evaluation**

Mr. Gagan's contention that his rights were violated because he was

8

transferred to an institution 2,000 miles from Colorado for the psychological evaluation also fails. 18 U.S.C. § 4247(b) states that "[u]nless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court." The record reflects that the district court and the attorneys for Mr. Gagan and the government agreed upon a facility because they believed that it was the only one doing such psychological evaluations. *See* Tr. of Hr'g Regarding Competency Examination, at 8. Indeed, Mr. Gagan has not argued that there was a suitable facility closer to Colorado. Therefore, it seems that it was "impracticable" for Mr. Gagan's evaluation to be conducted in a facility nearer to Colorado. Moreover, the record is devoid of facts to support an argument that the decision to transfer Mr. Gagan to a distant facility was unreasonable, and any implication that the district court acted in bad faith is gratuitous. *See United States v. Taylor*, 353 F.3d 868, 870 (10th Cir. 2003). *See also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("[T]here is no federal constitutional right to incarceration in any particular prison or portion of a prison."). Thus, Mr. Gagan's rights were not violated by the transfer.

## F. Right to Proceed Pro Se

Mr. Gagan also claims that he was denied his right to proceed pro se. The district court declined to rule on Mr. Gagan's pro se motions "until [Mr. Gagan's] competence to stand trial ha[d] been established and issues relating to

9

his continued representation by counsel ha[d] been resolved." Rec. doc. 103 (Order, filed June 30, 2003).

"Criminal defendants have a constitutional right, rooted in the Sixth Amendment, to conduct their own defense. Thus, a lawyer cannot be forced upon a defendant who wishes to act as his own representative, even if self-representation would be detrimental to the defendant." *Boigegrain*, 155 F.3d at 1185 (citations omitted). However, "the degree of competence necessary to waive the right to counsel is identical to the degree of competence necessary to stand trial. Therefore, it [is] impossible for the district court to allow the defendant to waive counsel before determining whether he was competent to stand trial." *Id*. (citations omitted) (citing *Godinez v. Moran*, 509 U.S. 389, 399-400 (1993)).

Here, Mr. Gagan filed his pro se motions when he was represented by counsel and before a determination of competency by the district court. In these circumstances, the district court did not violate Mr. Gagan's right to proceed pro se.

**G. Ineffective Assistance of Counsel**

Mr. Gagan claims that his counsel has engaged in "deliberate ineffectiveness [by] acting as an advocate of the government," Aplt's Objections to Counsel's *Anders* Brief, at 7 n.4, presumably by raising the issue of Mr.

10

Gagan's competence. "[A] motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance." *Massaro v. United States*, 123 S.Ct. 1690, 1694 (2003); *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) ("Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed."). Therefore, we decline to address Mr. Gagan's claims in this direct appeal.

**H. Duration of Commitment**

Mr. Gagan contends that his rights were violated by the duration of his commitment, which exceeded the time limits set forth in § 4247(b). Section 4247(b) provides that "[f]or the purposes of an examination pursuant to an order under section 4241 . . . the court may commit the person to be examined for a reasonable period, but not to exceed thirty days. . . . The director of the facility may apply for a reasonable extension, but not to exceed fifteen days under section 4241 . . . upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant." 18 U.S.C. § 4247(b).

The record indicates that the district court granted two extensions of 30 days for the psychological evaluation to be completed, *see* Rec. doc. 109, 110, and 111. Thus, we agree with Mr. Gagan that the district court exceeded the statutorily prescribed 45-day limit on such evaluations. However, § 4247(b)

11

"contains time limitations for a mental examination but no express remedy for exceeding those limitations." *Taylor*, 353 F.3d at 869. The warden of the Federal Medical Center at which Mr. Gagan was being evaluated asked for the extensions "due to the complexity of the case and the voluminous records sent to be reviewed." Rec. doc. 109. The implication that the district court acted in bad faith or was unreasonable in granting the extensions is gratuitous. *See id.* at 870. Thus, we hold that Mr. Gagan's rights were not violated by the duration of his commitment. *See id.*; *but see id.* ("Time limitations and provisions for extensions of time have been set forth clearly by Congress. Custodial institutions should read the statute and comply with its provisions.") (Lucero, J., concurring).

## I. Jurisdiction Pending Appeal

Finally, Mr. Gagan contends that "upon the filing of the notice of appeal on May 30, 2003, the district court was divested of jurisdiction over this criminal case until the court of appeals reached the merits of the appeal." Aplt's Letter, filed Jan. 28, 2004, at 3. The record does not indicate that Mr. Gagan requested a stay of proceedings in the district court during the pendency of this interlocutory appeal. Therefore, we decline to address this claim. *See also Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1174 (6th Cir. 1995) ("[A]n appeal from an interlocutory order does not divest the trial court of jurisdiction to continue deciding other issues in the case.") (internal quotation

marks omitted).

### III. CONCLUSION

Because we find that we lack jurisdiction over Mr. Gagan's claims regarding indictment forgery, judicial misconduct, ineffective assistance of counsel, and jurisdiction pending appeal, we DISMISS these claims. With regard to the commitment order, we find that Mr. Gagan's claims regarding evidence of his incompetence, his absence from the conference call, the location of his psychological evaluation, his right to proceed pro se, and the duration of his commitment lack merit. Therefore, we AFFIRM the commitment order and GRANT counsel's motion to withdraw.

Entered for the Court,

Robert H. Henry
Circuit Judge