**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 4, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JACK JAMES, a/k/a Jack S. James,
a/k/a Jack Sonny James, a/k/a Sonny
Jack James,

Defendant - Appellant.

No. 10-7049

(E.D. Okla.)

(D.C. No. 6:08-CR-00078-JHP-2)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

A jury returned a verdict of guilty against Defendant Jack James on one

count of being a felon in possession of firearms. *See* 18 U.S.C. §§ 922(g)(1),

924(a)(2), and 924(e). He contends on appeal that the indictment against him

should have been dismissed under the Speedy Trial Act, 18 U.S.C. §§ 3161–74,

because the delay caused by his codefendant's psychological evaluation rendered

his trial untimely. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

## I. BACKGROUND

On October 15, 2008, a grand jury in the United States District Court for the Eastern District of Oklahoma indicted Defendant on two counts of felon in possession of a firearm. Codefendant Truman Leon Burgess was also charged on one of the counts. Defendant made his initial appearance on November 14. In a November 24 scheduling order, the district court set a jury trial for January 5, 2009. On December 29, however, the government filed an uncontested motion for a continuance because an essential witness was unavailable as the result of an automobile accident. The court granted the motion the next day, saying that trial would be reset at a later date. On January 12, 2009, the government informed the district court that the witness was physically able to testify, and on January 15 the court set trial for February 2.

On January 22, 2009, Burgess filed a motion for a determination of his mental competency to stand trial. The district court struck the February 2 trial date and ordered that Burgess be examined at a federal medical center for prisoners. The examination was repeatedly delayed. The Federal Bureau of Prisons (BOP) sent the court a letter dated March 17 stating that it anticipated that a competency report would not be available until May 7. A May 18 letter from the BOP set June 5 as the expected completion date. And a third letter from the BOP predicted that the report would be available by June 29. As it turned out, the court did not receive Burgess's evaluation until August 7. It held a competency

hearing on August 18, issued an order on August 20 holding Burgess to be competent, and set trial for August 31. On August 25 Defendant filed a motion to dismiss under the Speedy Trial Act. The district court denied the motion in an August 28 order, and Defendant proceeded to trial, where he was convicted on one count.

## II.    DISCUSSION

When a defendant pleads not guilty, the Speedy Trial Act requires trial to begin within 70 days of the indictment filing date or the defendant's first appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). The sanction for violation of the Act is dismissal of the indictment. *See id.* § 3162(a)(2). We review for abuse of discretion the district court's denial of a motion to dismiss for violation of the Act. *See United States v. Vogl*, 374 F.3d 976, 982 (10th Cir. 2004). We review de novo any legal issues concerning the Act, and we review the court's factual findings for clear error. *See id.*

Subsection 3161(h) of the Speedy Trial Act provides exclusions that toll the running of a defendant's speedy-trial clock. *See* 18 U.S.C. § 3161(h). Many of these exclusions are automatic. Relevant to this case, subparagraph (h)(1)(A) automatically excludes "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." *Id.* § 3161(h)(1)(A). Excludable time under § 3161(h)(1)(A) "generally runs from the date the motion is filed seeking the examination to the

date the matter is taken under advisement after receipt by the court of results and briefs and completion of any hearings." James Cissell, Federal Criminal Trials § 12-1[c][5][i] (7th ed. 2008); *see United States v. Murphy*, 241 F.3d 447, 455–56 (6th Cir. 2001) (collecting cases).

Delays that stop the speedy-trial clock for one defendant typically stop the clock for codefendants also. Section 3161(h)(6) provides an exclusion for "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). "The obvious purpose behind [this exclusion] is to accommodate the efficient use of prosecutorial and judicial resources by trying multiple defendants in a single trial." *Vogl*, 374 F.3d at 983. (brackets and internal quotation marks omitted). "The question in examining an exclusion under [paragraph (h)(6)] is whether the delay attributable to the codefendant is reasonable." *Id.* at 983–84 (internal quotation marks omitted). This inquiry is "heavily factual." *Id.* at 984.

In determining reasonableness under § 3161(h)(6), we examine the following three factors: "(1) whether the defendant is free on bond, (2) whether the defendant zealously pursued a speedy trial, and (3) whether the circumstances further the purpose behind the exclusion to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." *Id.* at 984 (internal quotation marks omitted). Regarding the third factor,

-4-

we have emphasized that "[w]here the government will recite a single factual history, put on a single array of evidence, and call a single group of witnesses, a single trial is preferred." *Id.* (internal quotation marks omitted).

Defendant was detained for 289 days from the date of his initial appearance until his trial began. Defendant's sole challenge on appeal, however, is to the exclusion from his speedy-trial calculation of the delay resulting from Burgess's mental evaluation. He argues that the unexpected length of the delay, viewed as a whole, amounts to an unreasonable amount of time. We therefore examine the three reasonableness factors.

The first factor favors Defendant's position, because he was in prison while Burgess was being evaluated. The weight of this factor is lessened by Defendant's failure to file a motion seeking release. But even if he had sought release and still been detained, the weight of the first factor is offset by the other two.

As for the second factor, Defendant did not zealously pursue a speedy trial. He did not object to the continuance for Burgess's evaluation and never moved for a severance. *See United States v. Olivo*, 69 F.3d 1057, 1062 (10th Cir. 1995) (discussion of second factor notes that defendant did not move to sever); *United States v. Mobile Materials, Inc.*, 871 F.2d 902, 917 (10th Cir. 1989) ("Normally, a motion for severance will adequately focus attention upon and allow the district court to relieve unfairness created by delay in favor of a joint trial."), *abrogated*

*on other grounds by Bloate v. United States*, 130 S. Ct. 1345, 1351 n.5 (2010).
Although Defendant concedes that he did not object to continuing trial for
Burgess's evaluation, he states that he believed that trial would be continued only
one month, until March 2009. Yet, once it became evident that trial was not
going to be held in March, Defendant still took no action to focus the district
court's attention on the alleged unfairness resulting from the additional delay. At
oral argument in this court, counsel explained that Defendant never moved for a
severance because he believed that a joint trial would be beneficial. This belief,
however, does not alter the calculus. Defendant cannot have the benefit of his
trial strategy and then argue that the delay resulting from that strategy was
unreasonable.

Most important is the third factor. As the district court stated, "Based on
the allegations contained in the Indictment and the Government's Trial Brief, it
appears that the exact same evidence and witnesses will be used in the
prosecution of both defendants . . . ." R., Vol. 1 at 73–74 (citation omitted). "[A]
single trial is preferred" in such circumstances. *Vogl*, 374 F.3d at 984. The
burden on Defendant of being incarcerated for a few extra months does not
overcome that preference.

Finally, Defendant argues that the excluded time is unreasonable because
18 U.S.C. § 4247(b) sets a 45-day limit on the time that a defendant should be
committed to an examination facility. But the Speedy Trial Act "does not provide

a remedy for a violation of 18 U.S.C. § 4247(b)'s time limitations for a mental competency examination." *United States v. Taylor*, 353 F.3d 868, 869 (10th Cir. 2003).

## III.  CONCLUSION

We AFFIRM the district court's denial of Defendant's motion to dismiss for violation of the Speedy Trial Act

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge