**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MANUEL RUIZ,

    Defendant - Appellant.

No. 20-2178
(D.C. No. 1:19-CV-00976-JCH-KBM)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **McHUGH**, **KELLY**, and **BRISCOE**, Circuit Judges.
_____

Appellant Manuel Ruiz, appearing pro se,[1] seeks a certificate of appealability

("COA") to appeal the United States District Court for the District of New Mexico's

denial of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  The district

court denied Ruiz's motion and declined to issue a COA.  We conclude that Ruiz has

failed to demonstrate his entitlement to a COA, and we DENY his request for a COA and

DISMISS the matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Ruiz proceeds pro se, we liberally construe his filings but "do not assume the role of advocate." *Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) (quotations omitted).

**I**

In 2016, Ruiz was indicted on one count of distributing methamphetamine. ROA, Vol. II at 10. Although the caption of the indictment specified violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)**(B)**, the body of the indictment specified violations of §§ 841(a)(1) and (b)(1)**(C)**. *Id.* Apparently, the government intended to charge Ruiz with a violation of § 841(b)(1)(B); the reference to § 841(b)(1)(C) was a "clerical error." ROA, Vol. I at 120. That error notwithstanding, the government moved to dismiss the indictment to allow Ruiz to plead guilty to an information charging one count of distributing methamphetamine in violation of §§ 841(a)(1) and (b)(1)(C), which carried a lesser penalty than (b)(1)(B). The district court granted the government's motion, accepted Ruiz's guilty plea to the § 841(b)(1)(C) charge, and sentenced Ruiz to a 121-month term of imprisonment. ROA, Vol. II at 32. Ruiz did not file a direct appeal to challenge either his conviction or sentence.

Ruiz then moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. A magistrate judge recommended that Ruiz's § 2255 motion be denied. Ruiz objected to the magistrate judge's report and recommendation. The district court adopted the magistrate judge's report and recommendation, overruled Ruiz's objections, and denied his § 2255 motion. The district court also denied a certificate of appealability. Ruiz now seeks a COA from this court.

**II**

Ruiz must obtain a COA in order to appeal the district court's denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). In order to obtain a COA, Ruiz must make "a

2

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Ruiz can meet this burden by "showing that reasonable jurists could debate whether . . . the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citations and quotations omitted).

Ruiz asserts he has made a substantial showing of the denial of a constitutional right as to three issues: (1) whether his plea was knowing and voluntary, where there was no factual basis to support the plea; (2) whether his counsel was ineffective for failing to move to dismiss the information on speedy trial grounds; (3) whether his sentence was based on facts not charged or admitted. *See* Aplt. Br. at 2.

### III

Ruiz first asserts that the district court erred in accepting his plea because there was no factual basis to support the crimes charged as required by Federal Rule of Criminal Procedure 11. Therefore, he argues, his plea was not knowing and voluntary. Although not explicit, Ruiz also casts this issue as a Sixth Amendment right to counsel claim, asserting that "counsel was ineffective for allowing [Ruiz's] plea to be sustained under these circumstances." Aplt. Br. at 7. This claim was not preserved. Ruiz did not challenge the validity of his plea for lack of a factual basis, either as a Rule 11 or Sixth Amendment violation. The arguments Ruiz now makes were not presented in either his initial § 2255 motion or in his objections to the magistrate judge's report and recommendation. Accordingly, we adhere to our "general rule against considering issues for the first time on appeal" and deny the application for a COA on this issue. *United*

3

*States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012) (denying COA as to forfeited claims raised by a pro se prisoner).[2]

Ruiz next asserts that his Sixth Amendment right to a speedy trial was violated because his competency determination lasted more than eighteen months. Aplt. Br. at 7. Ruiz also references statutory violations of the Speedy Trial Act, 18 U.S.C. § 3162(a)(2), and the 45-day time limit for competency determinations pursuant to 18 U.S.C. § 4247(b). As with his claim that his plea was invalid because it lacked a factual basis, Ruiz's speedy trial claims were not raised in his initial § 2255 motion or his objections to the magistrate judge's report and recommendation. Accordingly, we again decline to consider these issues for the first time on appeal and deny the application for a COA on these issues.[3]

---

[2] Although we treat Ruiz's claim that his plea lacked a factual basis as forfeited, it was likely waived. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127–28 (10th Cir. 2011) (distinguishing waiver from forfeiture). In his objection to the magistrate judge's report and recommendation, Ruiz conceded that "the unsigned plea agreement was factually correct." ROA, Vol. I at 77. Although Ruiz challenged the factual basis for his *Guidelines calculation and sentence*, he waived any objection to the factual basis for his *plea and conviction*.

[3] Further, Ruiz's statutory Speedy Trial Act claim is foreclosed by our decision in *United States v. Taylor*, 353 F.3d 868 (10th Cir. 2003). In that case, we held that the Speedy Trial Act "does not provide a remedy for a violation of 18 U.S.C. § 4247(b)'s time limitations for a mental competency examination." *Id.* at 869.

Ruiz's constitutional claim fails under our plain-error standard of review. *Richison*, 634 F.3d at 1128. We treat seriously Ruiz's allegation that his competency determination and restoration exceeded the time limitations set by 18 U.S.C. §§ 4241 and 4247. *See Taylor*, 353 F.3d at 870 (Lucero, J., concurring) (recognizing that the custodial facility did not comply with § 4247(b) and reminding custodial facilities to "read the statute and comply with its provisions"); *see also United States v. Beler*, 2019 WL 5789747 at *10 (D.D.C. Nov. 6, 2019) (describing "deeply troubling" pattern of delays related to competency determinations and restorations at federal custodial facilities, and

Finally, Ruiz asserts that the district court violated his Sixth Amendment right "to be sentenced based only on the facts admitted." Aplt. Br. at 8. Specifically, Ruiz asserts that although he only admitted to 33 grams of methamphetamine, the district court attributed to him an additional 41.69 grams of methamphetamine sold by a defendant in a related case. Further, the additional quantity of methamphetamine increased Ruiz's Guidelines base offense level, and thus his sentence. Ruiz cites the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013) and also appears to raise an ineffective assistance of counsel claim. These claims were preserved, but are without merit.

Ruiz's reliance on *Alleyne* is misplaced. In that case, the Supreme Court held that facts increasing a mandatory minimum sentence must be proved to a jury beyond a reasonable doubt. 570 U.S. at 111–12. The Supreme Court specifically noted that its holding "does not mean that any fact that influences judicial discretion must be found by a jury." *Id.* at 116. Here, the additional 41.69 grams of methamphetamine did not increase Ruiz's mandatory minimum sentence. Rather, the additional methamphetamine was considered by the district court as part of its Guidelines calculation and broad sentencing discretion. Thus, the district court's consideration of the additional

---

specifically at FMC Butner). Yet, even assuming the government violated those statutory limitations, Ruiz's failure to assert his Speedy Trial rights before the district court, as well as his own repeated requests for continuances, cuts against finding a constitutional violation. *See United States v. Batie*, 433 F.3d 1287, 1293 (10th Cir. 2006) (cautioning against finding a constitutional violation "when the defendant's actions indicate he had no desire for a speedy trial"); *see also United States v. Rice*, 746 F.3d 1074, 1082 (D.C. Cir. 2014) (affirming convictions on plain-error review, despite a "debatable, if not persuasive, Sixth Amendment claim under de novo review").

5

methamphetamine falls outside of *Alleyne*'s purview, and did not violate Ruiz's Sixth Amendment rights.

Ruiz's ineffective assistance of counsel claim is foreclosed by our prior decision in *United States v. Gordon*, 4 F.3d 1567 (10th Cir. 1993). In that case, we observed that "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *Id.* at 1570. Further, here, as in *Gordon*, the district court advised Ruiz that the district court's ultimate Guidelines calculation may differ from that of Ruiz's counsel. ROA, Vol. IV at 23. Thus, Ruiz has failed to make the requisite "substantial showing of the denial of a constitutional right" to be entitled to a COA. 28 U.S.C. § 2253(c)(2).

We DENY Ruiz's application for a COA; we GRANT his motion to proceed *in forma pauperis*.

Entered for the Court


Mary Beck Briscoe
Circuit Judge